UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-22132-GAYLES

MICHAEL D. LYNCH and
CANDENCE B. LYNCH,

      Plaintiffs,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

      Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. For the reasons that follow, the Complaint shall be dismissed without prejudice as a shotgun pleading.

On June 8, 2021, Plaintiffs Michael D. Lynch and Candace B. Lynch, appearing *pro se*, filed this action against Deutsche Bank National Trust Company, PHH Mortgage Corporation, Bradley Arant Boult Cummings LLP, Glenn E. Glover, T. Parker Griffin Jr., Hahn & Hessen LLP, Alan M. Jacobs, Mark Indelicato, and Donna Walker (collectively the Defendants). [ECF No. 2]. In their forty-six-page Complaint, Plaintiffs allege claims for fraud on the court (Count I), aiding and abetting fraud (Count II), negligence (Count III), and civil conspiracy (Count IV) relating to a bankruptcy court proceeding.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The federal pleading standards thus "require the pleader to present [her] claims discretely and succinctly, so that, [her]

adversary can discern what [she] is claiming and . . . the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

"Complaints that violate Rule 8(a)(2) or 10 are often disparagingly referred to as shotgun pleadings." *Id.* (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[ ] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (internal quotations and citations omitted).

Plaintiffs' Complaint must be dismissed as an impermissible shotgun pleading. Plaintiffs improperly incorporate all of the factual allegations into each count, without properly tying each of those factual allegations to the claims raised, *see Innova Inv. Grp., LLC v. Village of Key Biscayne*, No. 19-CIV-22540, 2020 WL 6781821, at *5 (S.D. Fla. Nov. 18, 2020), and improperly adopts all of the prior counts' allegations into subsequent counts, *see Weiland*, 792 F.3d at 1321.

2

In addition, the Complaint asserts claims against all of the Defendants without specifying which of the Defendants are responsible for which acts or omissions. As a result of these pleading deficiencies, the Court is unable to ascertain which facts support which claims and whether Plaintiffs have stated any claims upon which relief can be granted. Therefore, the Complaint shall be dismissed without prejudice as an impermissible shotgun pleading.

**It is ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of June, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE